## PETER CLIPPENGER v. JOHN INGRAM & CO.

COSTS; JUDGMENT; *Presumption as to Taxing Costs.* Where the costs, in a case brought to the supreme court, have not yet been taxed, and the judgment with reference to the amount thereof is left blank, but the judgment will authorize a correct taxation of the costs, it will be presumed that the costs will be taxed correctly; and the judgment will not be reversed because of any supposed danger of the costs being taxed incorrectly.

*Error from Nemaha District Court.*

ACTION by *Ingram & Co.*, millers, on an account. Amount claimed, $94.63. *Clippenger* filed a bill of particulars, claiming a set-off amounting to $223.50. The proceedings are fully stated in the opinion. The plaintiffs had judgment at the April Term 1875, and defendant brings the case here.

*Joseph Sharpe*, for plaintiff in error.

*C. W. Edgar*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally commenced in a justice's court. After trial and judgment before the justice, the case was appealed to the district court, where it was again tried, by the court and a jury, upon a petition, answer, and reply. The verdict of the jury was in favor of the plaintiffs below (defendants in error,) and against the plaintiff in error, Clippenger, who was defendant below. The jury assessed the damages at $93.68. The district court rendered judgment, "that the plaintiffs have and recover of and from the said defendant Peter Clippenger the sum of $93.68, as aforesaid found due, and the further sum of $—— as costs in this behalf expended; and ordered that execution issue therefor." The defendant Clippenger then made a motion to set aside the verdict of the jury, and for a new trial, on the ground that "the said verdict is against the evidence in the case," which motion was overruled. The defendant

then brought the case to this court, and makes the following assignments of error:

"1st, The district court erred in overruling the motion to set aside the verdict of the jury, and grant a new trial.

"2d, The district court erred in rendering judgment in favor of said plaintiffs, when the evidence in the cause produced by the plaintiffs shows that the judgment should have been for defendant.

"3d. The district court erred in rendering judgment for plaintiff against the weight of the evidence in the case.

"4th, The district court erred in rendering judgment against Peter Clippenger for costs as well in the district court as in the court of the justice of the peace before whom the trial was had; that the costs taxed by said justice of the peace were erroneous, illegal, and extortionate."

We think the verdict of the jury is sustained by sufficient evidence. But certainly we cannot say that it is not sustained by sufficient evidence, for the record does not show that all the evidence has been brought to this court.

It will be seen that the costs of this case have not yet been taxed, and the judgment with reference to the amount thereof is left blank. It would seem that the plaintiff in error has fears that the costs may be taxed erroneously. We presume however that they will be taxed correctly. The judgment will certainly authorize a correct taxation of the costs. If however the clerk should tax them erroneously the court below would undoubtedly correct the taxation on motion. (*Linton v. Housh*, 4 Kas. 536, 541.)

We perceive no error in this case; and therefore the judgment of the court below must be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.